**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:24-cv-20261-KMM

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

    Plaintiff,

v.

ARYEH GOLDSTEIN, ADAR BAYS, LLC,
AND ADAR ALEF, LLC.,

    Defendants.
_____/

**FINAL JUDGMENT AS TO DEFENDANT ARYEH GOLDSTEIN**

The Securities and Exchange Commission having filed a Complaint and Defendant Aryeh Goldstein having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph IV); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

**I.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 15(a)(1) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78o(a)(1)], as a dealer [15 U.S.C. § 78c(a)(5)], by making use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security pursuant to 17 C.F.R. § 240.15a-2 or commercial

1

paper, bankers' acceptances, or commercial bills) unless the Defendant is registered with the Commission as a dealer in accordance with Exchange Act Section 15(b).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**II.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, for a period of five years from the date of entry of this Final Judgment, Defendant is barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock, pursuant to Exchange Act Section 21(d)(6) [15 U.S.C. § 78u(d)(6)].  A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

**III.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $1,044,252, gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $100,748. Defendant's liability for payment of disgorgement together with prejudgment interest thereon is joint and several with Defendants Adar Bays, LLC and Adar Alef, LLC upon entry of separate final judgments against them in this action.  The Court finds that sending the disgorged funds to the United States Treasury, as ordered below, is consistent with equitable principles.  The Court further imposes a

civil penalty in the amount of $105,000 pursuant to Exchange Act Section 21(d)(3).  Defendant shall satisfy this/these obligation(s) by paying the required amounts to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Aryeh Goldstein as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action by email to J. Lauchlan Wash washj@sec.gov.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.  The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 90 days following entry of this Final Judgment.  The

Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action.

Defendant shall pay post judgment interest on any amounts due after 90 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.

The Commission may propose a plan to distribute the Fund subject to the Court's approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that it is entitled to, nor shall it further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the

civil penalty imposed in this Judgment.  For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

**IV.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

**V.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein, including Defendant's agreements that:

> A. within ninety (90) days after entry of Final Judgment, Defendant shall surrender for cancellation all rights to all shares of common stock that were received in connection with convertible notes entered into from August 1, 2018 through the date of entry of Final Judgment; and
>
> B. within ninety (90) days after entry of Final Judgment, Defendant shall surrender its conversion rights under all remaining convertible notes which were entered into from

August 1, 2018 through the date of entry of Final Judgment; and

Defendant shall certify its compliance with the undertakings set forth in this Paragraph. Defendant's certification shall identify the undertaking, provide a written narrative of compliance, and support the narrative with exhibits evidencing the surrender for cancellation of shares and the surrender of conversion rights on the convertible notes. The Commission staff may make reasonable requests for further evidence of compliance, and Defendant agrees to provide such evidence. Defendant shall submit the certification and supporting material to Kevin Currid, Assistant Director, 33 Arch Street, 24th Floor, Boston, Massachusetts 02110, with a copies to J. Lauchlan Wash, Senior Counsel at washj@sec.gov, and the Office of Chief Counsel of the Enforcement Division, no later than thirty (30) days from the date of the completion of each undertaking.

**VI.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

**VII.**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

DONE AND ORDERED in Chambers at Miami, Florida, this _13th_ day of February, 2024.

*K. M. Moore*
K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

6